IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Yolanda H. Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:07-cv-2 |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Yolanda H. Allen ("Allen") has brought suit against the United States of America ("United States") for medical malpractice pursuant to the Federal Torts Claims Act. Allen alleges the United States committed medical malpractice by failing to screen blood received by the plaintiff during blood transfusions, and by failing to timely diagnose and treat her for the Hepatitis C virus. Each party seeks summary judgment in its favor. The court rules the United States is entitled to judgment as a matter of law. Allen has failed to provide the necessary expert opinion required to prove essential elements of her medical malpractice claim. Consequently, defendant United States of America's Motion for Summary Judgment (Doc. # 54) is **GRANTED**, and plaintiff Yolanda H. Allen's Motion for Summary Judgment (Doc. # 10) is **DENIED**.

Plaintiff has also filed Motions for Entry of Default (Doc. # 62) and Default Judgment (Doc. # 63), and defendant has filed a Motion in Limine (Doc. # 64). Since the United States has appeared and defended against plaintiff's claims, both of plaintiff's motions are **DENIED**. Since summary judgment is granted in favor of the United States, its Motion in Limine is **MOOT**.

Brief Factual Background

Yolanda Allen received blood transfusions comprised of four units of blood, a unit of plasma, and a unit of platelets at the Grand Forks Air Force Base Hospital in December 1996 and in November 1997.  The hospital obtained the blood from the Dak Minn Blood Bank.  Between November 1997 and March 2005 Allen made nearly twenty visits to the Grand Forks Air Force Base medical facility for follow-up appointments, routine exams, and with complaints of headaches, fatigue, and various aches and pains.  In 2005 Allen attempted to obtain life insurance, at which time her blood was tested and she was diagnosed with the Hepatitis C virus.  Allen now asserts the United States is liable for medical malpractice for failing to screen the blood she received and for failing to timely diagnose and treat her for the Hepatitis C virus.  She also alleges in her summary judgment motion, though not in her complaint, that the United States failed to obtain her informed consent for the blood transfusions.

## Summary Judgment Standard

Summary judgment is appropriate if there is not a genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party failing to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex, 477 U.S. at 322.  If the moving party has supported its motion for summary judgment, the nonmoving party has an affirmative burden placed on it to go beyond the pleadings and show a genuine triable issue of fact.  Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992).  However, the court considering a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party who enjoys "the benefit of all reasonable inferences to be

drawn from the facts." Vacca v. Viacom Broadcasting of Missouri, Inc., 875 F.2d 1337, 1339 (8th Cir. 1989)(citation omitted).

Summary judgment is improper if the court finds a genuine issue of material fact; however, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . .." Commercial Union Insurance Co. v. Schmidt, 967 F.2d 270, 271-72 (8th Cir. 1992)(citation omitted).  The issue is whether "the evidence is sufficient to allow a reasonable jury to return a verdict for the nonmoving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995).

## Law and Discussion

I.  Summary Judgment Motions

　　A.  Compliance with Section 28-01-46

Defendant United States contends it is entitled to summary judgment because plaintiff Allen has not met her burden of establishing the elements of her case, and because she failed to provide expert support for her malpractice claim as required by North Dakota statute.  North Dakota Century Code § 28-01-46 provides that an action for professional negligence must be dismissed if it is unsupported by an admissible expert opinion:

> Any action for injury or death alleging professional negligence by a physician, nurse, hospital, or nursing, basic, or assisted living facility licensed by this state or by any other health care organization, including an ambulatory surgery center or group of physicians operating a clinic or outpatient care facility, must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the affidavit for good cause shown by the plaintiff. The expert's affidavit must identify the name and business address of the expert, indicate the expert's field of expertise, and contain a brief summary of the basis for the expert's opinion.  This section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ,

limb, or other part of the patient's body, or other obvious occurrence.

N.D. Cent. Code 28-01-46 (1997). The purpose of the statute is to dispose of frivolous medical malpractice cases at an early stage of the proceedings. Greenwood v. Paracelsus Health Care Corp. of N.D. Inc. Corp., 622 N.W.2d 195, 199 (N.D. 2001)(citations omitted). The North Dakota Supreme Court has described the effect of the statute as akin to a statute of limitations requiring expert support of a medical malpractice claim within three months of commencement of the action. Fortier v. Traynor, 330 N.W.2d 513, 516 (N.D. 1983).

In this case, plaintiff filed her complaint on January 12, 2007. (Doc. #4). The court issued a scheduling order initially requiring disclosure of expert witness opinions by January 31, 2008 and setting trial for June 16, 2008. (Doc. #23). The scheduling order did not address disclosure of opinions for purposes of compliance with § 28-01-46. On February 13, 2008 the court granted plaintiff's motion to continue, extended the expert opinion disclosure deadline to September 30, 2008, and reset the trial date to January 20, 2009. (Doc. #43). This case has progressed well beyond the early stages of the proceedings and is on the verge of trial. Therefore, the court elects to rely on defendant's alternative argument that Allen has failed to sufficiently establish the essential elements of her medical malpractice claim.

    B.    Elements of Medical Malpractice Claim

Expert evidence is generally required to support a prima facie case of medical malpractice. Larsen v. Zarrett, 498 N.W.2d 191, 192 (N.D. 1993)(citation omitted). The expert evidence is needed to establish the applicable standard of care, breach of the standard, and a causal connection between the breach of the standard and the alleged harm. Id. (citations omitted). In this case, Allen has not provided any expert evidence whatsoever tending to

establish the existence of any of these three essential elements of her claim.

In North Dakota "a physician is required to exercise such reasonable care and skill as are exercised ordinarily by physicians practicing in similar localities in the same general line." Winkjer v. Herr, 211 N.W.2d 579, 583-84 (N.D. 1979)(citations omitted). Allen attempted to meet this standard of care element of her claim by citing Air Force Instruction 44-105 (The Air Force Blood Program). The instruction states the clinician will brief the patient on risks and obtain informed consent for blood transfusions, as well as select and test blood units "in accordance with local operating standards." (Doc. #10, at Ex. 1). The Air Force instruction, unlikely to qualify as expert evidence, does not state the local operating standards or the degree of care and skill required by those who perform transfusions in the community or similar localities. Also, the United States submitted evidence that Allen did sign informed consent forms both times she underwent blood transfusions (Doc # 52, at Exs. 3 & 4) in direct contrast to plaintiff's claim of lack of informed consent, which she only raised in her Motion for Summary Judgment (Doc. #10). Allen has failed to establish the applicable standard of care for screening the blood, for obtaining informed consent for blood transfusions, or for diagnosing the Hepatitis C virus.

The exception to the general rule that expert evidence is required to support a medical malpractice claim does not apply in this case. The exception only applies to obvious cases within the common knowledge of a jury where the undesirable result is evident even to a layman and could not have occurred without the medical practitioner's negligence, such as when a foreign object is left in a wound after an operation. Sagmiller v. Carlsen, 219 N.W.2d 885, 893 (N.D. 1974)(citations omitted). Transmission, diagnosis, and treatment of the Hepatitis C Virus

does not lie within a jury's comprehension as a matter of common knowledge.

Because plaintiff has not established the applicable standard of care through expert evidence, she cannot and has not demonstrated the United States breached the standard. Moreover, she has merely speculated as to the cause of her Hepatitis C, and speculation is not enough. "If from the plaintiff's evidence it is as probable that the injury and damage of which the plaintiff complains resulted from a cause for which the defendant is not responsible as it is that such injury and damage resulted from a cause for which the defendant would be responsible, a prima facie case of proximate cause has not been made and the plaintiff cannot recover, since plaintiff's recovery must be based upon more than mere speculation." Bismarck Baptist Church v. Wiedemann Indus., Inc., 201 N.W.2dd 434, 441 (N.D. 1972).

The defendant has proffered its own medical expert on the issue of failure to diagnose plaintiff's Hepatitis C. The United States' expert states Allen's symptoms would not have led the Grand Forks Air Force Base health care providers to conclude that the Hepatitis C virus caused her symptoms, that her symptoms appeared to be linked to no more than stress, the common cold, or flu, and that the standard of care would not have required the health care providers to test Allen for the Hepatitis C virus in her circumstances. (Doc. #55) at Ex. 9. Along with this expert opinion, the United States has submitted evidence that before the Grand Forks Air Force Base health facilities infused the blood into Allen's body, an independent contractor, the Dak Minn Blood Bank, screened the blood for the Hepatitis C virus. (Doc. #52) at Ex. 3. Even if Dak Minn Blood Bank was negligent in its screening of the blood, although there is no evidence to that effect, the United States is not liable for the torts of an independent government contractor. 28 U.S.C. §2671, Knudsen v. United States, 254 F.3d 747, 750 (8th Cir.

2001).

The court allowed Allen more than twenty months to secure expert evidence to establish the essential elements of her medical malpractice claim. To this date and with trial scheduled in less than a month, she has been unable to do so. Consequently, the defendant is entitled to entry of summary judgment in its favor based on the fact that plaintiff has not proved the essential elements of her case. Conversely, plaintiff's motion for summary judgment is denied. Her evidence is simply insufficient to support summary judgment in her favor.

II.   Plaintiff's Motions for Entry of Default and Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default or default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Fed. R. Civ. P. 55. Allen contends the United States has not appeared and defended against her allegations that the United States failed to screen the blood she received and failed to timely diagnose and treat her for the Hepatitis C virus. However, the defendant has appeared and defended against both of these claims. Answer at 2-4; Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at 2-10; Defendant's Memorandum of Law in Support of Motion for Summary Judgement at 1, 7-21. Consequently, both motions are without merit.

III.   Defendant's Motion in Limine

Defendant has filed a motion in limine to preclude plaintiff from offering the testimony, report, or opinions of any expert witness on the issues of damages and causation; to preclude the plaintiff from offering evidence of economic damages not previously disclosed; to limit the plaintiff's claim of non-economic damages to the North Dakota statutory limit; and to limit the

7

total damages to the amount of the administrative claim.  Since the court has granted the defendant's Motion for Summary Judgment, its Motion in Limine is moot.

## Conclusion

Allen has failed to establish a prima facie case of medical malpractice for negligent screening of blood, for failure to obtain informed consent for blood transfusions, or for failure to timely diagnose and treat her Hepatitis C virus.  Accordingly, defendant United States of America's Motion for Summary Judgment is **GRANTED**, and plaintiff Yolanda H. Allen's Motions for Summary Judgement, Entry of Default, and Default Judgment are **DENIED**.  Defendant's Motion in Limine is **MOOT**.  Judgment shall be entered in favor of the defendant United States of America **DISMISSING** this action with prejudice.

Dated this 8th day of January, 2009.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge